**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CR-17 (LAG) |
| | : | |
| EDDIE ARNOLD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Extend Deadline to File Motions in Limine and Pretrial Motions (Motion to Extend) (Doc. 23) and Defendant's Motion to Continue Trial Term in the Interest of Justice and to Preserve Speedy Trial Act Rights (Motion to Continue) (Doc. 24).

In his Motion to Extend, Defendant asks the Court to extend the deadline to file motions in limine and any other pretrial motions until thirty (30) days after the government produces initial discovery. (Doc. 23 at 3). Defendant represents that "the [g]overnment has not produced its initial discovery" and "it is not reasonably possible for the defense to determine what motions in limine or other pretrial motions may be necessary." (*Id.* at 2). Defendant further represents that he contacted counsel for the government but has not received a response. (*Id.* at 3).

In his Motion to Continue, Defendant asks the Court to continue the pretrial conference set for July 29, 2026, and the trial set for September 8, 2026. (Doc. 24 at 1). Defendant also requests that "the Court not exclude, as defense requested ends-of-justice delay, any period of delay caused by the Government's failure to produce discovery, at least until the Government files notice that discovery has been produced and discovery has in fact been provided to the defense." (*Id.* at 4). Defendant represents that "the [g]overnment has not yet produced discovery" and he "cannot meaningfully prepare for trial, review the evidence, investigate the allegations, determine whether additional pretrial

motions are necessary, or engage in informed discussions." (*Id.* at 1). Defendant further represents that his counsel reached out to the government regarding the motion and pending discovery but received no response. (*Id.* at 3). The government has not responded to either motion.[1] (*See* Docket)

For good cause shown, Defendant's Motion to Extend Deadline to File Motions in Limine and Pretrial Motions (Doc. 23) is **GRANTED** and Defendant's Motion to Continue Trial Term in the Interest of Justice and to Preserve Speedy Trial Act Rights (Doc. 24) is **GRANTED in part** and **DENIED in part**. The Government shall have **three (3) days** from the date of this Order to provide discovery. Defendant shall have **twenty-one (21) days** from the receipt of discovery to file any motions in limine or pretrial motions. It is further **ORDERED** that Defendant's pretrial conference set for July 29, 2026, and trial set for September 8, 2026, shall be **CONTINUED** to a date to be determined. Defendant's request that the time occasioned by the continuance not be excluded from the Speedy Trial Act clock is **DENIED**. The Court finds "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," and that denying Defendant's Motion would deny his counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). The Speedy Trial Act provides that when a continuance is granted on this basis, "the period[] of delay **shall** be excluded in computing the time within which . . . the trial of any such offense must commence." *Id.* § 3161(h) (emphasis added). The exclusion of the time from the calculation is not discretionary. Accordingly, the delay occasioned by this continuance shall be deemed **EXCLUDABLE** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 23rd day of July, 2026.

/s/ Leslie A. Gardner

---

[1]     The Court rules on Plaintiff's Motion pursuant to Local Rule 7.7. "Objections to the motion[] will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to . . . the foregoing motion[] must file a written objection within seven (7) days after service of the motion." M.D. Ga. L.R. 7.7.

3

**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**